**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JONATHON MOORE,<br>Plaintiff,<br>v.<br>MAHTAUB MOORE,<br>Defendant. | Civil Action No. 26-835-GBW |

# MEMORANDUM ORDER

Pending before the Court are, *inter alia*, two motions that seek to remand this proceeding back to the Family Court of the State of Delaware: (1) Plaintiff's[1] Motion to Remand and for Costs and Fees ("First Motion to Remand") (D.I. 4) and Plaintiff's Emergency Motion to Remand and Request for Sanctions ("Second Motion to Remand") (D.I. 19) (together, the "Motions to Remand"). For the reasons set forth below, the Court grants the Motions to Remand in part, to the extent they seek to remand this action, but otherwise denies the Motions to Remand. The Court denies the other motions filed in this action as moot.

[1] The Plaintiff in this action is Jonathon Moore ("Plaintiff" or "Mr. Moore"). The Defendant in this action is Mahtaub Moore ("Defendant" or "Ms. Moore").

# I. BACKGROUND

On July 10, 2026, Defendant, who proceeds *pro se*, removed this action from the Family Court of the State of Delaware ("Family Court"). D.I. 1; *see also* D.I. 1-3, Ex. C. The underlying petition filed by Plaintiff in Family Court was titled "Petition for Specific Performance of Pre-Marital Agreement" in File No. CN23-03101 (the "Petition"). D.I. 1-3, Ex. C.

On July 21, 2026, Plaintiff filed his First Motion to Remand. D.I. 4; *see also* D.I. 13; D.I. 15. In connection with the First Motion to Remand, Defendant has filed a Motion for Extension of Time to File an Opposition and a Motion for Leave to File Limited Sur-Reply. D.I. 8; D.I. 16.

On July 31, 2026, Defendant filed a Motion to Strike the Appearance of Attorney William Green and Disqualify Halloran Farkas & Kittila LLP ("Motion to Disqualify"). D.I. 7; D.I. 9; D.I. 11.

On August 7, 2026, the Family Court issued a Letter Decision and Order scheduling trial in the Family Court for October 22, 2026 in the matter of File No. CN23-03101 for Petition Nos. 25-18022 and 25-14967. D.I. 20-3, Ex. 3.

On August 19, 2026, Margy Ann Hojjati ("Proposed Intervenor"), proceeding *pro se*, filed a Motion to Intervene and to Preserve Independent Property Rights ("Motion to Intervene"). D.I. 14.

On August 27, 2026, the Family Court issued an Order (the "August 27, 2026 Family Court Order") that denied a motion to stay proceedings in the Family Court filed by Defendant in the Family Court on August 7, 2026. D.I. 18-1, Ex. A ("The Court has reviewed the Motion and the Response. The Court finds that there is no basis to stay these proceedings any longer.").

On September 9, 2026, Defendant filed a second notice of removal. D.I. 18. Defendant's second notice of removal concerns the August 27, 2026 Family Court Order and vaguely references a "materially changed federal posture." *Id.* at 1.

On September 10, 2026, Plaintiff filed his Second Motion to Remand (D.I. 19), which has been fully briefed. D.I. 19; D.I. 24; D.I. 25. Attached to the Second Motion to Remand are Petition Nos. 25-18022 and 25-14967. *See* D.I. 19 at 3 (citing D.I. 20-1, Ex. 1 and D.I. 20-2, Ex. 2).

On the following day, Defendant filed two motions and Proposed Intervenor filed one. Defendant filed an "Ex Parte Emergency Motion for Temporary Restraining Order, Protective Relief, and Preservation of the Status Quo Pending Federal Adjudication" ("TRO Motion"). D.I. 21. Defendant also filed a "Notice and Motion for Administrative Clarification and Separate Docketing of September 9, 2026 Notice of Removal" ("Motion for Clarification"). D.I. 22. Proposed Intervenor filed a "Motion for Access to Plaintiff's Motion and Exhibit, Opportunity to Respond, Preservation of Property Rights, and Alternative Sanctions" ("Miscellaneous Motion"). D.I. 23.

## II. LEGAL STANDARDS

28 U.S.C. § 1447 governs the procedures after removal. Section 1447(c) provides that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Moreover, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*

"On a motion to remand, the removing party asserting federal jurisdiction bears the burden of satisfying all aspects of federal jurisdiction." *Berndt v. Heyco Prods. Corp.*, No. CV 22-01300 (GC) (TJB), 2023 WL 4135005, at *2 (D.N.J. June 22, 2023) (citing *Frederico v. Home Depot*,

507 F.3d 188, 193 (3d Cir. 2007)). "The removing party . . . carries a heavy burden of showing that at all stages of the litigation the case is properly before the federal court. Removal statutes are to be strictly construed, with all doubts to be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014) (alteration in original), *aff'd*, 578 U.S. 374 (2016) (quoting *Brown v. Jevic*, 575 F.3d 322, 326 (3d Cir. 2009)).

"A defendant may remove to federal district court a civil action brought in state court if a district court has original jurisdiction over it." *Ngo v. Boswell*, No. 25-3271, 2026 WL 1746959, at *1 (3d Cir. June 17, 2026) (citing 28 U.S.C. § 1441(a)). "The question is 'whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction.'" *Id.* (quoting *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019)).

## III. DISCUSSION

The Court has reviewed the relevant filings, finds that they do not provide a basis for subject matter jurisdiction, and remands this action back to Family Court. As grounds for subject matter jurisdiction in the original notice of removal, Defendant first cites 28 U.S.C. § 1331 and claims that the Petition is allegedly "pending review for violations of Foreign Corrupt Practices Act, civil RICO, violations of U.S. Patriot Act, and the Department of Justice directly tied to illicitly schemed proceeds executed on or about April 22, 2026." D.I. 1 at 1-2; *see also id.* at 1 ("This removal is filed to preserve the record and divest the state court of jurisdiction over an action where Plaintiff and counsel are seeking to circumvent federal criminal and civil proceedings and schemed assets including DOJ Action and involves this Notice of Removal."). Defendant also claims that "federal jurisdiction over this matter is heavily predicated upon exclusive '*in rem*' and '*quasi in rem*' jurisdiction over the specific property and assets at issue in this dispute . . . ." *Id.* at

2. From these assertions, the Court understands Defendant to be contending that the Court has subject matter jurisdiction over the instant action simply because the Petition involves the distribution of property that is allegedly subject to an ongoing federal investigation or other federal proceedings. However, these allegations do not suffice. The mere fact that federal courts may or may not have subject matter jurisdiction over different proceedings involving one or both of the parties does not automatically provide the Court with subject matter jurisdiction over the instant action. The Court has also considered Defendant's contentions from her brief in opposition (D.I. 13) and finds them unpersuasive.

Assuming, without deciding, that the second notice of removal was procedurally proper, Defendant still fails to show circumstances supporting subject matter jurisdiction. As grounds for subject matter jurisdiction in the second notice of removal, Defendant claims that "[t]he federal question implicated here concerns whether State judicial restrictions may continue to operate upon [Defendant's] speech, petitioning activity, communications with federal authorities. and participation and testimony in federal judicial proceedings while the constitutionality of those same or materially overlapping restrictions is already before this Court in an affirmative federal civil-rights action." D.I. 18 at 4. Therefore, according to Defendant, the August 27, 2026 Family Court Order presents a federal question under *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Gunn v. Minton*, 568 U.S. 251 (2013). Under *Grable* and *Gunn*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258 (quoting *Grable*, 545 U.S. at 314). Ultimately, however, Defendant has failed to show that any of these requirements

are met. Accordingly, the Court will grant the Motions to Remand to the extent they request the remand of the instant action.

Having addressed whether remand is proper, the Court next considers the issue of sanctions. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Whether to impose attorneys' fees under 28 U.S.C. § 1447(c) is within a court's discretion." *Suglia v. Birchmont Real Est. LLC*, No. 5:25-CV-6745, 2026 WL 1493949, at *5 (E.D. Pa. May 28, 2026) (citing *Mitchell v. Street*, 310 F. Supp. 2d 724, 727 (E.D. Pa. 2004)). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). While the present circumstances border on being objectively unreasonable, the Court exercises its discretion not to impose sanctions.[2]

## IV. CONCLUSION

For the reasons set forth above, the Court grants the Motions to Remand, to the extent they seek the remand of this action, but otherwise denies the Motions to Remand. The Court denies the remainder of the motions filed in this action as moot.

[2] The Court notes that further attempts to remove the same underlying proceedings may result in *sua sponte* remand or the imposition of sanctions.

WHEREFORE, at Wilmington this 16th day of September 2026, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motions to Remand (D.I. 4; D.I. 19) are GRANTED-IN-PART to the extent they seek the remand of this action, but are otherwise DENIED. This action is hereby remanded to the Family Court of the State of Delaware, New Castle County.
2. Defendant's Motion to Disqualify (D.I. 7) is DENIED-AS-MOOT.
3. Defendant's Motion for Extension of Time to File an Opposition (D.I. 8) is DENIED-AS-MOOT.
4. Proposed Intervenor's Motion to Intervene (D.I. 14) is DENIED-AS-MOOT.
5. Defendant's Motion for Leave to File Limited Sur-Reply (D.I. 16) is DENIED-AS-MOOT.
6. Defendant's TRO Motion (D.I. 21) is DENIED-AS-MOOT.
7. Defendant's Motion for Clarification (D.I. 22) is DENIED-AS-MOOT.
8. Proposed Intervenor's Miscellaneous Motion (D.I. 23) is DENIED-AS-MOOT.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE